TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Pauline Rodriguez

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Pauline Rodriguez,<br><br>        Plaintiff,<br><br>  vs.<br><br>JC Christensen & Associates, Inc.,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>  **1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>  **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Pauline Rodriguez (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against JC Christensen & Associates, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Stockton, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a business entity located in Sartell, Minnesota, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12. On February 7, 2016, Defendant mailed Plaintiff a letter titled Notice of Collection and Special Offer, hereafter (the "Letter").

3
COMPLAINT FOR DAMAGES

13. The Letter provided Plaintiff with three options by which Plaintiff could elect to settle the alleged outstanding debt.

14. Option #1 stated: "settle your account for a lump-sum payment of $327.93. That is a savings of 48% on your outstanding balance."

15. The Letter further stated that Plaintiff had forty (40) days to accept Defendant's settlement offer.

16. On February 13, 2016, Plaintiff mailed a copy of the Letter to Defendant with Option #1 circled, along with a money order in the amount of $327.93.

17. On February 17, 2016, Plaintiff received a "Payment Receipt and Summary" letter from Defendant confirming that it had received Plaintiff's aforementioned payment.

18. However, in spite of Defendant's settlement offer and Plaintiff's acceptance of that offer, the Payment Receipt and Summary letter stated that Plaintiff was still responsible for an outstanding balance of $302.70.

19. Defendant intentionally used deceitful means in its attempt to collect a debt from Plaintiff, and failed to honor a settlement agreement that it initiated and which Plaintiff accepted in good faith.

20. Defendant's deceitful actions caused Plaintiff to suffer a significant amount of stress, anxiety, confusion and frustration.

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

21. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

22. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

23. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

24. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

25. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

26. Defendant misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

27. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C.§ 1692e(10).

28. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

29. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

31. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

32. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

33. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

34. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.  Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D.  Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F.  Punitive damages; and

G.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  May 27, 2016                    TRINETTE G. KENT

By: ___/s/  *Trinette G. Kent*___
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Pauline Rodriguez

COMPLAINT FOR DAMAGES